(C. D. 901)

GEO. WM. RUEFF, INC. *v*. UNITED STATES

United States Customs Court, First Division

(Decided December 13, 1944)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*John J. McDermott* and *Joseph E. Weil*, special attorneys), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: The collector of customs at the port of New Orleans refused to allow drawback of 99 per centum of the duties paid on imported steel used in the manufacture of 8,975 steel drums which were exported for benefit of drawback under section 313 (a), Tariff Act of 1930, because of the failure of the exporter to complete the drawback entry within 2 years from the date of exportation, as required by article 1059 (a) of the Customs Regulations of 1937 by filing in duplicate a certificate of manufacture on customs Form 7575 within 2 years from the date of clearance of the exporting vessel.

The issue herein has been limited to the reasonableness of that article, which reads as follows:

Art. 1059. Completion of drawback claims—Entry and certificate of manufacture.—(a) A drawback entry and certificate of manufacture on customs Form 7575 shall be filed in duplicate within 2 years from the date of clearance of the exporting vessel or conveyance. The entry, which may include several shipments covered by notices of intent, each shipment constituting a claim within the meaning of this article, must when filed be complete as to all documents necessary to the liquidation thereof, including certificates of delivery of imported material and certificates of manufacture and delivery of manufactured or partly manufactured articles, and all necessary official documents issued from one customs officer to another must be applied for prior to filing the entry.

The evidence establishes that the certificate of manufacture in the instant case was not filed until 3 years and 3 months after the exporting vessel cleared due to laxity, indifference, or inefficiency on the part of the manufacturer, but the plaintiff rests his case upon the decision of the Court of Customs and Patent Appeals in the case of *United States* v. *Champion Coated Paper Co.*, 22 C. C. P. A. 414, T. D. 47422.

The regulations involved in that case was article 976 of the Customs Regulations of 1923. That article was promulgated under the presumed authority of the provision of section 313 of the Tariff Act of 1922 which gave the Secretary of the Treasury power to prescribe regulations with respect to the determination and payment of drawback, and was, in its essence, the same as article 1059 (a) of the Customs Regulations of 1937 above quoted.

It was brought to the attention of the court that in some cases it would be impossible to comply with the provisions of the 2-year

limitation for the reason that the claimant could not ascertain the amount of drawback to be paid or produce a certificate of importation required under article 977 of the 1923 regulations where the import entry had not been finally liquidated, as where reappraisement or protest proceedings were pending in relation to the same. By the terms of the cited article, such certificates would not be issued until the liquidation of the import entry had become final by operation of law, or waiver by the importer of his right to contest the same.

In reaching its conclusion the court said:

\* \* \*. We cannot believe that by enactment of section 313, Tariff Act of. 1922, the drawback section, Congress intended that anyone entitled to protest or appeal to reappraisement should be required to waive any rights he might have in the prosecution of such proceedings in order that he might secure a certificate of importation, which was essential to the completion of the drawback claim.

\*           \*           \*           \*           \*           \*           \*

\* \* \*. The regulation in definite terms states that the drawback entries, etc., shall be filed within 2 years from the date of the clearance of the exporting vessel, and in view of the considerations above enumerated we must conclude that said regulation in respect to said time limit is in effect a statute of limitations, unauthorized by law and is unreasonable and invalid.

In section 313 (i) of the Tariff Act of 1930, which became law before the foregoing decision was rendered, it was specifically provided that—

The Secretary of the Treasury is authorized to prescribe regulations governing \* \* \* the time within which drawback entries \* \* \* shall be filed and completed, \* \* \*.

and it is under such authority that article 1059 (a), *supra*, was prescribed.

It is the plaintiff's position that regulations prescribed under such authority must be reasonable, and in view of the fact that our appellate court had held the predecessor article to the same effect as found in the Customs Regulations of 1923 to be invalid, the same reasons would apply with respect to the present regulation.

We think, however, that a careful inspection of the Customs Regulations of 1937 reveals that the situation envisioned in the *Champion Coated Paper Co.* case was taken care of. It will be noted, first, that the last sentence of article 1059 (a) provides that

\* \* \* all necessary official documents issued from one customs officer to another must be applied for prior to filing the entry.

Subdivision (b) of the same article provides that

A statement in duplicate of the papers filed, showing the dates when official documents were applied for, may be presented with the drawback entry.

Article 1060 (d) provides—

Certificates of importation shall not be issued until the import entry covering the merchandise to be certified shall have been liquidated and such liquidation made final by operation of law or acceptance in writing by the importer.

and article 1067 (a) reads as follows:

Art. 1067. Liquidation of drawback entries.—(a) No drawback on materials used in the manufacture of exported articles shall be paid until the import entries covering such materials shall have been liquidated and such liquidation shall have been made final by operation of law or by acceptance in writing by the importer and the liquidated duties have been paid.

When read together the foregoing regulations show that there was nothing unreasonable in connection with the 2-year limitation. It is clear that if the original import entry had not been finally liquidated by reason of reappraisement or protest proceedings pending, application for a certificate of importation prior to filing the drawback entry satisfied the requirements as to completion of the drawback entry. Obviously, drawback of 99 per centum of the duties paid, as contemplated by the statute, could not be refunded until it was known what the duties paid were, and the amount of the duties to be paid is not known until final liquidation.

If a claimant for drawback did not wish to have liquidation of the drawback entry suspended until final determination of the import duties, provision was made that he could waive, if it were within his power, whatever claims might be pending in connection with the import duties, but it is manifest that he was not required so to do, nor would he lose any drawback right by failure to waive.

We therefore hold that the collector was warranted in denying drawback in the instant case, and judgment will therefore issue overruling the protest accordingly.