(C. D. 1627)

WILLIAM E. MARTIN COMPANY, LICORICE DIVISION *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 24, 1954)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Joseph E. Weil* and *Richard E. FitzGibbon*, trial attorneys), for the defendant.

Before OLIVER and MOLLISON, Judges

MOLLISON, Judge: In this case, the plaintiff seeks refund as drawback under section 313 (a) of the Tariff Act of 1930 of 99 per centum of the duties paid upon the importation of certain licorice extract in flake form claimed to have been used in the manufacture or production in the United States of certain licorice extract in powder or mass form which was subsequently exported.

The protest has been submitted for decision upon a stipulation of counsel which, in effect, establishes that there is no dispute with

respect to the facts of importation, manufacture, and exportation, and that all of the applicable customs regulations were complied with, except the requirements of section 22.16 (*a*) of the Customs Regulations of 1943 as it was in force at the times here pertinent. At the time of the filing of the drawback entry here involved (1949), said section 22.16 (*a*), so far as pertinent, read as follows:

**22.16.—Completion of drawback claims.—**(*a*)  A drawback entry and certificate of manufacture shall be filed in duplicate within two years after the date the articles are exported.  *  *  *  The Commissioner of Customs may specifically authorize an extension of the 2-year period for compliance with any of the foregoing requirements.

The stipulated facts establish that the merchandise involved was, in fact, exported from the United States more than 2 years prior to the filing of the drawback entry.  Plaintiff attacks the validity of the regulation on the ground that it was unreasonable in that it was not uniform in its operation.  Plaintiff, therefore, contends that the aforesaid regulation was not binding upon the plaintiff and is at most directory, and not mandatory, and that upon establishing proof in this court of all of the other elements entitling it to drawback, judgment should issue in its favor.

As we understand the contention made by the plaintiff, it is *not* that 2 years after the date of exportation constituted too short a period of time within which the necessary information could be assembled and presented in the form of a drawback entry, but that inasmuch as the regulation does not, on its face, provide for uniform, impartial, and equal treatment to all drawback claimants alike it contravenes the purpose of the statute and is unauthorized by law, unreasonable, and invalid.

We are of the opinion that the plaintiff's contention has merit and that the law on the subject requires a judgment in its favor.

There can be no question but that the privilege of exporting goods for benefit of drawback conferred by section 313, *supra*, was intended to be extended to all upon an equal basis.  The statute does not contemplate any discriminatory or unequal treatment in the application of the law.  Section 313 (a) to (g), inclusive, sets forth the circumstances with respect to the use, etc., of imported (or, in certain cases, substituted) merchandise, upon which the privilege of drawback is extended.  Subsections (h) and (i) are concerned with the administrative conditions which must be fulfilled in order that the privilege may ripen into a right to the payment or refund of money as drawback.

For practical reasons, including those of convenience and ready adaptability to changing conditions, it is more desirable to prescribe the administrative conditions referred to by means of regulations, rather than to incorporate them in the drawback statute itself.

Section 313 (i), therefore, confers upon the Secretary of the Treasury the authority to prescribe regulations governing, among other things, "the time within which drawback entries on such articles shall be filed and completed, to entitle such articles to drawback." There is, however, no suggestion that such regulations shall be other than uniform in their application, or that the time limitation which the Secretary is given the authority to prescribe may be different in individual cases.

Regulations prescribed under authority of section 313 (i), *supra*, by the Secretary of the Treasury with respect to the time within which drawback entries were required to be filed and completed which preceded the regulation here involved, being article 1059 of the Customs Regulations of 1937, were examined and found valid and reasonable in *Geo. Wm. Rueff, Inc.* v. *United States*, 13 Cust. Ct. 232, C. D. 901. Those regulations, however, did not contain any provision empowering the Commissioner of Customs to grant extensions of time of the 2-year limitation prescribed therein, and those regulations were not tested by the issue raised here.

It is well settled that compliance with regulations prescribed by the Secretary of the Treasury under specific authority in connection with the extension of a privilege such as drawback is a condition precedent to the vesting of the right to recover under the statutory privilege. *United States* v. *Ricard-Brewster Oil Co.*, 29 C. C. P. A. (Customs) 192, C. A. D. 191. It is equally well settled, however, that such regulations, to be given effect, must meet certain requirements as to their validity. The situation is perhaps best summarized in the following excerpts from the article on "Public Administrative Bodies and Procedure" in volume 73, Corpus Juris Secundum. Under the heading "Rules and Regulations," section 103, at page 420, the following is found:

### § 103. Validity

In order that a rule or regulation of a public administrative body or officer may be valid it must be authorized, and it should also be uniform in operation, fair, nondiscriminatory, reasonable, appropriate, necessary, consistent with law, and constitutional.

    \*      \*      \*      \*      \*      \*      \*

A rule or regulation of a public administrative agency should not afford the agency an unbridled discretion to enforce it against some and to refuse to enforce it against others; it should be uniform in operation, and not be unfair or discriminatory. \* \* \*

That the regulation here complained of resulted in nonuniform application is evident from the fact that, effective June 26, 1952, the provision for extension of the 2-year limitation period was deleted from the regulation and the time limitation fixed at 3 years, without extension. In T. D. 53025, 87 Treas. Dec. 180, the Commissioner of

Customs, with the approval of the Acting Secretary of the Treasury, published the amendment of the customs regulations putting such changes into effect, and stated, among other things, the following:

* * * Some difficulty has been experienced in attempting to fix a uniform standard as a basis for granting extensions, and it has been concluded that extensions should not be permitted but that a longer period of time (3 years) should be allowed for the filing and completion of claims.

Moreover, it is noted, as pointed out in the brief filed on behalf of the plaintiff, that the statute authorizes the *Secretary of the Treasury* to prescribe regulations governing the time within which drawback entries shall be filed and completed. It would seem that the reservation to the *Commissioner of Customs* of discretion to extend the prescribed 2-year limitation amounts to the delegation of authority which the statute confers only upon the Secretary of the Treasury. As no standards for the exercise of such discretion were set up by the Secretary of the Treasury in the regulation complained of, the power sought to be delegated is more than a mere ministerial power, but, in effect, is the attempted delegation of the complete power vested by the statute in the Secretary. The general principle of law expressed in the familiar maxim *delegatus non potest delegare* applies here.

For all of the foregoing reasons, we are satisfied that the customs regulation here complained of, as it existed at the time of filing of the drawback entry herein, insofar as it attempted to fix a 2-year limitation for the filing and completion of drawback entries, with discretion reserved to the Commissioner of Customs to extend the said limitation, is void on the ground that it is unauthorized by law, nonuniform in operation, unequal in effect, and unreasonable. It was, therefore, not binding upon this plaintiff, and the record establishing the necessary facts entitling the plaintiff to recover drawback under the statute and all other pertinent regulations, judgment will issue sustaining the protest claim.