(C. D. 1998)

CRESCENT BURLAP BAG COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided May 28, 1958)

*Stein and Shostak* (*Richard M. Kozinn* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The above-entitled protest is directed against the refusal of the collector of customs to allow drawback under the provisions of section 313 (a) of the Tariff Act of 1930 upon the exportation of certain burlap bags claimed to have been manufactured in the United States with the use of imported, duty-paid materials.

There does not seem to be any question but that drawback was denied solely for the reason that the plaintiff failed to comply with the provisions of section 22.7 (a) of the Customs Regulations of 1943, which were in force and effect at the times here pertinent (they have since been superseded). The said section read as follows:

**22.7.** **Notice of intent to export; local or direct shipments from a seaboard or frontier port.**—(a) At least 6 hours, but not more than 90 days, before the lading of merchandise which is to be exported from a seaboard or frontier port as a local or direct shipment therefrom, the drawback claimant or his agent shall file with the collector of customs at such port a notice of intent to export on customs Form 7511 in duplicate. A copy of the notice of intent shall also be delivered to the customs officer in charge at the place of lading at the time the merchandise is delivered to the exporting carrier. Such notices of intent shall show the name of the exporting vessel or other carrier, the place of lading, the kind of packages and their marks and numbers, the description of the merchandise, and its weight (gross and net), gauge, measure, or number. * * *

The plaintiff admits that the foregoing regulation, which had for its purpose the determination of the facts of exportation by identifying and permitting the inspection of the exported merchandise, was, not complied with in that the notices of intent were not filed within the times stated in the regulation. The plaintiff contends, however, that by reason of the fact that under section 22.7 (d) of the said regulations, as in effect at the times here pertinent, it was provided that—

* * * If neither a notice of intent [as required by Sec. 22.7 (a), *supra*] was so filed nor a copy was so delivered, drawback shall be allowed on the involved merchandise only if specifically authorized by the Bureau * * *

Section 22.7 (*a*) was nonuniform in application and consequently invalid, or, at most, directory rather than mandatory.

Plaintiff contends, therefore, that, in the absence of a valid, mandatory regulation on the subject, it was entitled to prove before this court such facts as would establish that it had complied with the drawback statute, section 313 (a), *supra*, and warrant this court in issuing a judgment in its favor.

At the trial of the issue, there were received in evidence as collective exhibit 1, upon the offer by counsel for the plaintiff and without objection on the part of counsel for the defendant, "the papers contained in the official jacket." Counsel for the parties thereupon stipulated that all regulations for drawback allowances were complied with, with the exception that the notice of intent was not filed before exportation took place, and that the merchandise was not laden under customs supervision.

The foregoing constitutes the entire record.

Before considering the question of whether the regulation complained of was valid or invalid, mandatory or directory, we find that counsel for the defendant has raised the issue of the sufficiency of the record to establish the facts alleged by the plaintiff with respect to its burden of showing compliance with the provisions of the drawback statute. Counsel for the defendant contends that the papers found in the official file are not sufficient to support a judgment on the trial of an issue such as that before us, citing the decision of the Court of Customs and Patent Appeals in the case of *United States* v. *C. J. Holt & Co., Inc.*, 17 C. C. P. A. (Customs) 385, T. D. 43822.

The issue as originally raised in the *Holt* case was similar to that raised in the case at bar, i. e., the validity of certain customs regulations, and, as in this case, the plaintiff contended that the regulations were invalid and that proof of compliance with the statute could be made in this court. At the trial of the issue, the "affidavits and papers in the case" were offered in evidence by the plaintiff as proof of the facts of importation, manufacture, and exportation, and were received in evidence over the objection of counsel for the Government.

A majority of this court held that, under the principle enunciated in the case of *United States* v. *R. H. Comey Brooklyn Co.*, 16 Ct. Cust. Appls. 248, T. D. 42843, the regulation in question was clearly invalid, and that the evidence, consisting of the "affidavits and papers," as aforesaid, established that every act of the statute required to be established had been met, and gave judgment for the plaintiff.

On appeal, our appellate court reversed on the ground that the record, consisting only of the affidavits and other papers, as aforesaid, was not sufficient to support a judgment upon the trial of the issue upon protest in the United States Customs Court. The basis of the decision was that—

\* \* \* the Secretary of the Treasury is not authorized to prescribe the character of proof required in proving issues before the trial court \* \* \*

and that the evidence, while sufficient to make a *prima facie* showing so far as the collector was concerned, did not constitute sufficient evidence of a compliance with the provisions of the drawback statute to support a judgment in behalf of the plaintiff.

The evidentiary situation in the case at bar is somewhat different from that which obtained in the *Holt* case, *supra*. To begin with, the "papers contained in the official jacket" were offered and received in evidence, *without objection on the part of the defendant.*

The failure to object, according to authorities on the subject, constitutes a waiver of the objection which might have been made—in this case, as to the competency of the offered documents under the hearsay rule—but does not constitute a waiver as to ·their legal sufficiency. Jones on Evidence, 4th edition, volume 3, § 898, page 1677, and cases and annotations cited therein, particularly 104 A. L. R. 1130; Wigmore on Evidence, 3d edition, § 18; § 2132.

An examination of the documents, however, shows that the facts of importation and manufacture are delineated in the drawback entry and certificate of manufacture, and trace the importation of the merchandise and its use in the United States in the manufacture of certain described merchandise. The notices of intent, export declaration, dock receipts, and bills of lading show the exportation of the merchandise.

We think it proper to mention that included in the papers received in evidence are copies of correspondence between the drawback claimant, the collector of customs, and the Bureau of Customs, which, as well as the report of the collector on the protest, transmitting the same and made within the time when he might review and change his official action (and hence competent evidence of the undisputed and uncontroverted facts therein contained (*Oakland Food Products Co. et al.* v. *United States*, 32 C. C. P. A. (Customs) 28, C. A. D. 281)), show, without question, that the sole dispute between the drawback claimant and the defendant Government, and the sole basis upon which drawback was denied, was the failure on the part of the plaintiff to afford "a proper opportunity to inspect the merchandise for drawback purposes, due to non-timely filing of notice of intent." It seems to the court that, under these circumstances, there is no consideration of public policy which would require the Government to raise what amounts to a specious argument as to the actual facts of the matter. If the United States is entitled to retain the moneys claimed as drawback in this case, it is so entitled because appropriate and mandatory regulations were not complied with—not because there is any doubt whatsoever that certain merchandise was, in fact, imported; that duties were paid thereon; that it was afterwards used in the United

States in the manufacture of certain articles; and that those articles were, in fact, exported.

We come, therefore, to the real question at issue, whether section 22.7 (a) was, in fact, mandatory and required compliance therewith as a condition precedent to the payment of drawback.

In the brief filed in its behalf, plaintiff has cited the language of section 22.7 (d), hereinbefore quoted, as a reservation to the Bureau of Customs of discretion to allow drawback in instances where the provisions of section 22.7 (a) were not complied with. Plaintiff contends, therefore, that the requirements for the filing of notices of intent were not placed equally upon all claimants for drawback, but only upon some, and that the regulations were, therefore, nonuniform in operation and did not provide for impartial, uniform, and equal treatment to all drawback claimants alike.

In reply, defendant contends that, in support of its contention, it was incumbent upon the plaintiff to show that all applicants did not have the same opportunity to present their cause to the Bureau of Customs, and to show that the Bureau had "shown any signs of discrimination in the application of the authority vested in it." The essence of the plaintiff's complaint as to the invalidity of the regulation was not based upon any contention that there was nonuniformity in the opportunity to present a cause to the Bureau of Customs, or that the Bureau had actually discriminated against applicants for its dispensation, but upon the contention that the very reservation of discretion to the Bureau to grant or not to grant an application to waive the provisions of section 22.7 (a) established that they did not operate and were not intended to operate upon all drawback claimants alike. The correctness or legality of a regulation is not to be determined only by the manner in which the power purported to be conferred is actually exercised, but also by a determination of whether the power of its nature permits nonuniform and discriminatory exercise. The mere existence of certain instances of benevolent and non-discriminatory action under such a regulation does not, in and of itself, establish the correctness and legality of the regulation.

Moreover, only the Secretary of the Treasury is authorized to prescribe regulations governing—

* * * the determination of the facts of the manufacture or production of such articles in the United States and their exportation therefrom * * *

under the provisions of section 313 (i), and nothing is said therein or elsewhere which would allow unnamed officers, without the setting up of definite standards, to exercise authority to waive or refuse to waive any such regulations.

The case of *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C. C. P. A. (Customs) 5, T. D. 48976, cited by counsel for the defendant as establishing that the power to waive compliance with the provisions

of regulations does not affect their mandatory character, has no application to the situation at bar. In that case, our appellate court carefully pointed out that the claimant did not attack the validity of the regulations involved or the reasonableness of the same, and indicated that the validity of the regulations there involved was not questioned.

No one denies the well-settled precept that *valid* customs regulations made in pursuance of law have the force and effect of law and must be complied with as a condition precedent to obtaining a grant or privilege related thereto. Here, however, the validity of the regulations has been brought into question.

The regulations provided for in section 22.7 of the Customs Regulations of 1943 were obviously intended as a complete, whole, and integrated set of regulations with respect to the identification of merchandise exported with benefit of drawback under section 313 (a) and (i), *supra*. As such, we are of the opinion that they were not severable, and that section 22.7 (a) was intended to be complemented by and operable in the light of section 22.7 (d), *supra*.

We are of the opinion that the situation in the case at bar is indistinguishable from that which obtained in the case of *William E. Martin Company, Licorice Division* v. *United States*, 33 Cust. Ct. 11, C. D. 1627. We there held a regulation reserving to the Commissioner of Customs the right to extend an otherwise mandatory 2-year period for compliance with requirements in connection with the completion of drawback claims to have been invalid, because it constituted an unauthorized redelegation of delegated power, was nonuniform in operation, unequal in effect, and unreasonable. A like holding is required here, and the invalidity of section 22.7 (d) affects in the same manner section 22.7 (a).

On the record presented, which establishes the necessary facts entitling the plaintiff to recover drawback under the statute, judgment will issue sustaining the protest claim.